YANKTON COLLEGE, Respondent, v. SMITH, Superintendent of Banks, et al, Appellants.

(226 N. W. 584.)

(File No. 6689. Opinion filed August 3, 1929.)

For former opinion, see 222 N. W. 946.

*Roy E. Willy,* of Sioux Falls, *F. M. Scoblic,* of Tyndall, *Null & Royhl,* of Huron, and *T. B. Thorson,* of Pierre, for Appellants.

*Wicks & Quinn,* of Scotland, S. D., and *Bailey & Voorhees,* of Sioux Falls, for Respondent.

BURCH, J. This case is before us on rehearing. The former opinion is reported in 222 N. W. 946. Therein it was said that the action of plaintiff should be dismissed, because it did not appear that plaintiff was damaged by the wrongful acts of Pfeifle, cashier of the Security Bank of Tyndall, in issuing the forged certificate of deposit involved in this action. On further consideration we are

still of the view that plaintiff, not having parted with a present consideration, was not injured by Pfeifle's action in issuing the certificate involved, and therefore has no direct cause of action against defendants. But in directing a dismissal we failed to consider plaintiff's rights as an equitable assignee of a cause of action in favor of Tripp.

This case is one of several allied cases, all handed down by us at the same time, and all reported in 222 N. W., namely, Citizens' State Bank v. Security Bank et al, at page 932, Bank of Avon v. Smith, at page 936, Menno State Bank v. Security Bank et al, at page 938, Schelske v. Smith, at page 941, and Tripp v. Smith et al, at page 943. In each case the facts were stipulated, and found by the court as stipulated. The certificate of deposit in the instant case originated in a transaction between Tripp and Pfeifle, cashier of the Security Bank. Plaintiff's rights depend upon the rights and liabilities accruing and incurred in that transaction. For that reason this case and the Tripp Case must be considered together. For the detailed facts the reader is referred to the former opinion and to the case of Tripp v. Smith, 222 N. W. 943, where the nature of the transaction between Tripp and Pfeifle is set out.

Despite the fact that in this and the allied cases we have held the cause of action against defendants is in tort, and not on contract, the attorneys persist in discussing the case from the standpoint of the Negotiable Instruments Law, and refer to the certificate as if it had some validity. Defendant bank never issued the certificate. The certificate is a forgery, and is void. There can be no cause of action on such certificate. The cause of action arises from tortious fraud, committed by Pfeifle and not by the bank. Because of Pfeifle's relation to the bank, it is thought proper, in the interest of business safety and convenience, to hold the bank liable for Pfeifle's wrongdoing. Logically the bank should not be liable for the wrong of another, in which it in no manner participated or was in any way to blame, but if business is to be secure, and the bank is to enjoy the confidence of the public, the bank must to some extent, at least, insure the fidelity of its officers in the use of its name. Therefore we held, and now hold, in harmony with the weight of authority, that the bank is liable for the wrongs of Pfeifle, committed in the manner appearing in this case,

for the actual and proximate injury resulting to innocent third parties.

■ Plaintiff had no direct dealing with Pfeifle. Its dealings were with Tripp. Pfeifle cheated Tripp when he induced Tripp to purchase the $6,000 forged certificate, which Tripp afterwards exchanged for two forged certificates, one of which he conveyed to plaintiff. Tripp's cause of action was complete when he purchased the $6,000 certificate, and was not changed or increased by the issuance of the two certificates in exchange. But, when Tripp conveyed one of the forged certificates to plaintiff, he ought in equity to be held to have assigned that much of his cause of action against the bank to plaintiff. In Citizens' State Bank v. Security Bank et al, supra, we held the assignment of the Groesbeck certificate to the plaintiff bank to amount to an equitable assignment of Groesbeck's cause of action against defendants. We think the same rule is applicable here. Plaintiff, as Tripp's assignee, can therefore recover of the bank the amount of its certificate, with interest, since Tripp's right of recovery exceeded that amount. The defendant bank cannot suffer by thus adjusting the equities between Tripp and plaintiff. In sustaining the assignment from Tripp to plaintiff, it is not material that plaintiff gave no present consideration for the assignment, where the consideration was sufficient to support the assignment.

The result reached in our former opinion is therefore withdrawn, and the trial court is directed to render judgment in favor of plaintiff for $3,500, with interest from the date of the certificate to date of suspension of defendant bank. But Tripp's recovery must be reduced a corresponding amount. This court on its own motion held up the remittitur and retained jurisdiction in Tripp's case against the defendants (Tripp v. Smith et al, supra) for further consideration and final determination, when this case should be finally determined.

The result reached in our former opinion in that case has been modified according to our later opinion therein filed. No costs to be taxed in this court.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BROWN, JJ., concur.